UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHIQUANDA SANDERS
                        Plaintiff

    v                                                  COMPLAINT
                                                          INDEX NO.

CITY OF ROCHESTER, NEW YORK,
ROCHESTER CITY POLICE, POLICE OFFICER
CHARLES A. Lo FASO and POLICE OFFICERS
 "JOHN DOES 1-10"
(last ten names being fictitious, true name unknown, said
 persons being police officers who were involved in
 incidents occurring on or about December 3, 2013 which
are the subject of this action)

                        Defendants


 _____

Plaintiff by her attorney, E. Robert Fussell, as and for her Complaint against the

defendants herein alleges:


1. Plaintiff is a resident of the State of New York. Pursuant to 28 USC Sections 1331, 1343 and 1367 this court has jurisdiction over her 42 USC 1983 Cause of Action, and over all the other causes of action delineated in this Complaint as they derive from the same case or controversy and are supplemental to it.

2. Plaintiff now resides at 541 Birr Street, Rochester, New York 14613. But, at all times mentioned herein plaintiff resided at 18 Gladstone Street, Rochester, New York 14611

3. Upon information and belief, the individual defendants were, at all times hereinafter mentioned, residents, and/or employees, of the City of Rochester,

County of Monroe, State of New York. The principal place of business in the City of Rochester, County of Monroe New York. The address of the Defendant City of Rochester, the employer of the individual defendants, is 30 Church Street Rochester, New York 14614. Defendant City of Rochester was at all times hereinafter mentioned, a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York, with offices for the conduct of its business located in the City of Rochester, County of Monroe, State of New York

4. Plaintiff has served a Notice of Claim upon the defendant, the City of Rochester for adjustment, which was received by the defendant on about 1-29-14, within 90 days after the claim arose.

5. More than thirty days have elapsed since service of the Notice of Claim and defendant City of Rochester has failed and refused to make any adjustment of the claim, causing plaintiff to commence this action by filing this Complaint and serving copies of it on defendants.

6. This action has been commenced within one year and ninety days after the cause of action accrued.

7. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

8. Sometime before mid-morning of 12-3-13 defendants police officer/ employees, while in the employ of, and performing work for, the defendant City, and while acting within the scope of their employment, procured an undated, no-knock

Search Warrant purportedly signed by Monroe County Judge Victoria M Argento, for plaintiff's home located at 18 Gladstone Street, Rochester, New York.

9. The procurement of that search warrant, was, on information and belief, obtained by including false statements in the affidavit/application for search warrant presented to Judge Argento, by defendant Charles A Lo Faso, a police officer employed by the City of Rochester, and/or by other defendant officers employed by the City of Rochester. That false information was presented in support of the false contention that the articles described in the search warrant, to be searched for and seized by the police, were located at 18 Gladstone Street Rochester, the plaintiff's residence. (None of the illegal behavior which was the subject of the defendant's investigation had been committed by anyone residing at 18 Gladstone Street, and no behavior had been committed at 18 Gladstone Street which provided any basis of an application for a search warrant for that address, and, on information and belief, there was no reasonable basis for officer Lo Faso, or any other defendant, to believe that any of the items subject to the search warrant were, in fact, located at 18 Gladstone Street Rochester, New York.)

10. Specifically, there was no reasonable basis (as noted in the Warrant itself) to suspect that the person who "shot Kemari Hodrick, known as 'Mills'" resided at 18 Gladstone Street, had ever entered 18 Gladstone Street, or had any connection to 18 Gladstone Street, and furthermore there was no probable cause for the defendants to believe that any of the physical objects set forth in the search warrant would be found at 18 Gladstone Street.

On information and belief officer Lo Faso, and/or other defendants failed to perform the duties required of them when: (a) applying for the search warrant pursuant to section 690.35 (4) of the New York State Criminal Procedure Law, specifically, the proof needed to discern the reliability of their informant, and/or (b) when determining the reliability of the information provided by the informant and/or (c) otherwise acting in a manner to avoid making an application for a no knock search warrant, for property that has no connection with the crime, or criminal, being investigated.

11. On information and belief the search warrant application did not establish probable cause for the signing of a warrant, and/or contained false statements, and/or material omissions, made either knowingly and intentionally, or with reckless disregard for the truth. And, on information and belief, the defendants failed to show that the informant was credible or that the specific information provided by that informant was credible. More specifically, on information and belief, the application for the warrant violated the Aguilar Spinelli test in that it was not supported by a reasonable showing that the informant was reliable, and/or that the informant had a reasonable knowledge for his, or her, statement.

12. On 12-3-13 defendants executed the no knock search warrant on the wrong house. And thereafter, on information and belief, the defendants unreasonably prolonged the search of 18 Gladstone after it became apparent to them (or should have become apparent to them) that they were searching the wrong house, and they did not immediately withdraw from 18 Gladstone either upon the realization

that they were in the wrong home, or after obtaining information that should have made them aware of the fact that they were searching the wrong house. On information and belief the defendants obtaining the warrant and/or execution of the warrant constituted incompetence on their part, and/or exceeded the scope of their authority.

13. More specifically, on December 3, 2013, in the mid morning, approximately five or six defendants invaded plaintiff's home unannounced by demolishing her front door with a battering ram, wearing face masks, boots and cargo pants carrying rifles and other deadly weapons, and yelling. The explosively loud battering down of the front door awoke the plaintiff, who was two months pregnant at the time, upstairs, asleep -  terrifying her. One or more of the defendants then yelled at her ordering her to "GET DOWN HERE! HURRY UP!"

    Plaintiff came to the top of the stairs, in terror, wearing only a T-shirt and carrying her pants and her 11 month old grandson. She was petrified when looking down at defendant officers, who were pointing rifles, up at both her and at her infant grandson. She followed their commands and scurried downstairs.

    Defendants then battered plaintiff by forcefully handcuffing her, and refusing to allow her to dress. The defendants did not allow her to put on her pants or cover herself in any manner, and they did not cover her body with anything, such as a blanket, or clothing. They forced her to remain on the floor and couch, wearing only her T-shirt, uncovered, humiliatingly visible to all members of the public who observed her through the front doorway (some attracted by the

needless commotion and hub- bub created by the defendants, that lasted for over an hour; exposing plaintiff to their view, because the front door had been demolished when rammed open by defendants.)

Plaintiff was then falsely imprisoned when defendants confined her to the floor and her couch, handcuffed - for over an hour. During this time, approximately fifteen to twenty of the defendants ransacked her house.

14. The defendants committed conversion by interfering with plaintiff's rights to various pieces of her personal property as follows: (a) they shot her peaceful three year old female dog - killing it, (b) they took, and since 12-2-14, have refused to return her two cell phones (despite telling plaintiff they would return them to her), and (c) they destroyed her dresser drawer, and demolished boxes, and the tape which had sealed those boxes, and destroying her notebooks, and strewed the contents of the boxes, and other items owned by plaintiff, about the apartment.

15. The defendant's violated plaintiff's constitutional rights and thereby committed violations of 42 U.S.C. 1983 against her. The plaintiff's civil rights to have her liberty, and property taken pursuant to due process were violated, and furthermore excessive, completely needless, force was applied to her body by the defendants.

While in plaintiff's home defendants made the false claim to plaintiff, that a man had arrived at her house in a gray or silver car the previously day, and made a phone call from her land- line phone. After plaintiff denied that such an event had occurred. Defendants asked plaintiff if she knew men, whose names were

provided to her by defendants. Plaintiff answered truthfully that she was not familiar with any one, known by any of those names.

16. Upon leaving 18 Gladstone the defendants apologized to plaintiff for their intrusion, defendants, however, did nothing to clean up the chaotic mess they had created. For example they did not put the items they had strewn about the apartment back in their places, fix the broken drawer, or return the items they had converted, or assisted the plaintiff to deal with the terror and emotional and physical trauma they had inflicted upon her, or help her deal with their shooting and killing of her beloved friendly, female dog.

On information and belief the municipal defendant violated plaintiff's federal constitutional rights by implementing it's the defective warrant procurement policy to obtain a no knock warrant to search plaintiff's home, at 18 Gladstone Street – a procurement policy that is either an official policy of the municipal defendant and/or part of the municipal defendant's governmental custom.  Additionally the municipal defendant violated plaintiff's federal constitutinal rights by terrorizing and battering plaintiff, and by committing needless other torts upon her person and property by implementing its defective no-knock warrant policy – either pursuant to its official policy and /or its governmental custom.

17. On information and belief, the municipal defendants negligently hired and/or negligently retained the individual defendants who committed all the torts described in this Complaint.

The individual defendants are liable to plaintiff for punitive damages, for their violations of all the torts set forth in this Complaint that permit the award of punitive damages.

18. The plaintiff suffered from, now suffers from, and will permanently suffer from pain and suffering, including – the shock and fright – i.e. the terror - of being awakened from her sleep, assaulted, battered, falsely imprisoned, the killing of her beloved dog, the conversion of her cell phones, and other pieces of personally property, the humiliation of being exposed to members of the public while shackled in handcuffs, and in the nude, for at least and hour; the deprivation of her civil rights as described heretofore in this Complaint, the negligent hiring and/or retention of the defendants who committed the torts set forth in this Complaint, the physical pain resulting in the aggravation of her carpal tunnel syndrome in her right hand and right arm, and the creation of carpal tunnel syndrome in her left hand and arm. (The carpal tunnel syndrome was created and/or aggravated by handcuffing the plaintiff. The pain in her hands and arms prevents her from lifting and/or carrying items such as glasses of water, and small children, such as her 5 month old son, and other children, for whom she takes care.) On information and belief the plaintiff suffers from post- traumatic stress disorder, in that she jumps up in terror when hearing a loud noises, such as running up the stairs, slamming doors etc. and she suffers from paranoia, when in loud and/or unstructured environments, and when in the presence of police officers.

19. The Municipal defendant is liable for all New York State torts set forth in this Complaint committed by the individual defendants through the theory of vicarious liability.

20. At the time the defendants entered 18 Gladstone, the father of plaintiff's son, Darrell Taylor, was in the kitchen. He was handcuffed and forced to sit on the floor for over an hour. He was then taken to a police station, and asked he if knew about a killing on Genesee Street, and told that a phone call had been made from a land line at 18 Gladstone Street that was related to the murder they were investigating. Defendants insisted that someone had definitely made a phone call from 18 Gladstone Street on the previous day, and that said person had arrived at 18 Gladstone Street in a silver/ gray car. Defendants then asked Mr. Taylor if he knew individuals whose names were provided to him by defendants. Mr. Taylor responded that he did not know about any of the issues they were talking about, and that he did not did not recognize any of the names they provided to him. Mr. Taylor then asked defendants why they believed a man had come into 18 Gladstone the day before in a silver/gray car and why they believed a phone call had been made from the land- line at 18 Gladstone that supported the procurement of the search warrant for that address. The defendants refused to respond to his questions.

## FIRST CAUSE OF ACTION

21. The plaintiff repeats all allegations made heretofore in this Complaint.

22. On 12-3-14 in the mid morning, defendants, specifically the individual defendants, and the City, through the individual defendants, **assaulted** the plaintiff by intentionally placing her in apprehension of imminent harmful or offensive contact, as set forth in this Complaint, including, but not limited to, their yelling commands and pointing rifles up at her and her 11 month old grandson, while wearing masks and other frightening accoutrements..

## SECOND CAUSE OF ACTION

23. The plaintiff repeats all allegations made heretofore in this Complaint.

24. Defendant's police officer employees on 12-3-13 intentionally and maliciously **battered** plaintiff, as set forth in this Complaint, including, but not limited to their handcuffing her, and forcing her to remain on her floor and couch for over an hour.

## THIRD CAUSE OF ACTION

25. The plaintiff repeats all allegations made heretofore in this Complaint.

26. The defendant's thereafter, on 9-7-13 intentionally and maliciously **falsely imprisoned** plaintiff, as set forth in this Complaint, including, but limited to their confining her to her floor and couch for an hour or longer while naked, except for

wearing a T-shirt and while handcuffed, exposed her to the view of members of the public through her doorway, after her door had been demolished by defendants.

## FOURTH CAUSE OF ACTION

27. The plaintiff repeats all allegations made heretofore in this Complaint.

28. The defendants committed **conversion** of plaintiff's personal property as stated heretofore in this Complaint, including, but not limited to their shooting and killing her peaceful dog; taking, and refusing to return her two cell phones; destroying boxes in which she stored personal property; taking various notebooks and damaging a drawer of her dresser; and strewing items of personal property about her apartment.

## FIFTH CAUSE OF ACTION

29. The plaintiff repeats all allegations made heretofore in this Complaint.

30. The individual defendants violated plaintiff civil rights in violation of 42 USC 1983 by depriving her of her rights of **liberty**, and **property** without **due process**, and by using **excessive force** upon her body. (Any force would have

11

been excessive because defendants executed the no-knock warrant, against the wrong house, and had no legal right to touch, handcuff or control her body, and furthermore plaintiff presented no danger to defendants)

31. On information and belief the individual defendants violated plaintiff's rights under 42 USC 1983 by failing to determine the **reliability** of any **informant** they relied upon when preparing the application for a no-knock warrant for plaintiff's home, and for its failure to **verify** the information they obtained from their informant, and otherwise violated plaintiff's federal constitutional rights when obtaining the warrant and when executing the warrant.

32 .The defendants, at the times and places indicated, were acting under color of law of the State of New York and deprived plaintiff of the privileges and immunities guaranteed to every citizen of the United States by the United States Constitution including Amendment IV, Amendment V and Section 1 of Amendment 14, and by reason thereof this Court has jurisdiction over the plaintiff's claims for violation of her Federal Civil rights, pursuant to the provisions of 42 U.S.C. 1983.

### SIXTH CAUSE OF ACTION

33. The plaintiff repeats all allegations made heretofore in this Complaint.

34. On information and belief the municipal defendant violated plaintiff's federal constitutional rights by implementing it's the **defective warrant procurement policy** to obtain a no knock warrant to search plaintiff's home, at 18 Gladstone Street – a procurement policy that is either an **official policy** and/or part of the municipal defendant's **governmental custom**.

35. Additionally, on information and belief, the municipal defendant violated plaintiff's federal constitutional rights by terrorizing and battering plaintiff, and committing needless other torts upon her person and property through implementation of its defective **"execution of no –knock warrant policy"** one that is either an **official policy** and /or part of it's **governmental custom**.

SEVENTH CAUSE OF ACTION

36. The plaintiff repeats all allegations made heretofore in this Complaint.
37. The shooting and killing of plaintiff's dog violates New York General Construction Law § 25-b. The dog's value was **$ ???** immediately prior to its death. A defendant willfully and maliciously destroyed the dog by shooting it and thereafter the defendants allowed it to bleed to death. The individual defendants are therefore subject to punitive, as well as compensatory damages for killing the dog.

EIGHTH CAUSE OF ACTION

38. The plaintiff repeats all allegations made heretofore in this Complaint.

39. On information and belief the defendant City of Rochester **negligently failed to properly investigate the defendant officers** involved in the mistreatment of the plaintiff as heretofore described in this Complaint before hiring them, **negligently instructed, negligently trained and negligently supervised them** resulting in the tortuous and other actionable behavior heretofore described in this Complaint.

40. The plaintiff suffered the damages set forth in this Complaint, including the loss of her personal property, her permanent physical and emotional pain and suffering, including, but not limited to, post traumatic stress disorder, carpel tunnel type syndrome, that greatly impair plaintiff's hands and arms, preventing her from lifting and/or carry items such as glasses of water, and small children, such as her 5 month old son and other children for whom she takes care.

41. The individual defendants committed their torts intentionally, recklessly and or maliciously and they are therefore subject to the payment of punitive damages to plaintiff for the violation of the above described torts.

WHEREFORE, plaintiff demands judgment against the defendants for all the physical, emotional and other damages she endured and will endure in the future, and for punitive damages against the individual defendants, and legal fees, together with the costs and disbursements of this action.

February 9, 2015

S/_____

E. ROBERT FUSSELL ESQ.

46 Wolcott Street, Suite One

Le Roy New York 14482

585 768 2240

gasholic@rochester.rr.com